UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ASHOOK KATWARU, RAJENDRA KATWARU, JENNIFER PUJOLS, and RAFAEL PUJOLS,

                        Plaintiffs,

-against-

THE CITY OF NEW YORK, P.O. CARLOS PIZARRO, Shield No. 5087, Individually and in his Official Capacity, P.O. RAY DUTTON, Shield No. 29141, Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-5, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                        Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**12 CV 2395**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiffs ASHOOK KATWARU, RAJENDRA KATWARU, JENNIFER PUJOLS, and RAFAEL PUJOLS, by their attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully allege as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff ASHOOK KATWARU is a Hispanic male and has been at all relevant times a resident of the City and State of New York.

7.      Plaintiff RAJENDRA KATWARU is a Hispanic male and has been at all relevant times a resident of the City and State of New York.

8.      Plaintiff JENNIFER PUJOLS is a Hispanic female and has been at all relevant times a resident of the City and State of New York.

9.      Plaintiff RAFAEL PUJOLS is a Hispanic male and has been at all relevant times a resident of the City and State of New York.

10.     Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11.     Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

12. At all times hereinafter mentioned, the individually named defendants P.O. CARLOS PIZARRO, P.O. RAY DUTTON, and P.O.s õJOHN DOEö #1-#5 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

13. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

15. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

16. On or about September 18, 2011, at approximately 7:00 p.m., plaintiffs ASHOOK KATWARU, RAJENDRA KATWARU, JENNIFER PUJOLS, and RAFAEL PUJOLS were lawfully present in front of 1723 Filmore Street, in Bronx County, in the City and State of New York.

17. Plaintiff RAJENDRA KATWARU had previously called the police four (4) times to report a noise complaint.

18. Plaintiff RAJENDRA KATWARU was playing waffle ball with his grandchildren when defendant police officers finally arrived in response so his numerous calls for police assistance.

19. Upon their arrival, defendant officers immediately arrested plaintiff RAJENDRA KATWARU, handcuffing his arms tightly behind his back.

20. Thereafter, plaintiffs RAFAEL PUJOLS and ASHOOK KATWARU came outside to see what was happening to their father at which time defendant officers immediately arrested them as well, handcuffing their arms tightly behind their backs.

21. In the process of arresting plaintiff RAFAEL PUJOLS, the defendant officer grabbed plaintiff's neck and placed him in a choke hold, causing him to have difficulty breathing.

22. Soon thereafter, the defendant officer slammed plaintiff RAFAEL PUJOLS to the ground, pushed his face into the pavement, and caused physical injuries to plaintiff's face and body.

23. Then, plaintiff JENNIFER PUJOLS, who had just come out of the shower and was still in her towel, came out of her house in response to the commotion outside.

24. Thereafter, a defendant officer grabbed plaintiff JENNIFER PUJOLS and arrested her, handcuffing her arms tightly behind her back and preventing her from holding up her towel, thereby exposing her nude body to the public.

25. Plaintiff JENNIFER PUJOLS was then taken to the precinct without being allowed to get dressed first and as she was getting dressed in her cell, several male defendant officers watched, mocked, and ridiculed her while her naked body was exposed.

26. At no time on September 18, 2011, did defendants possess probable cause to arrest plaintiffs ASHOOK KATWARU, RAJENDRA KATWARU, JENNIFER PUJOLS, and RAFAEL PUJOLS.

27. At no time on September 18, 2011, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiffs ASHOOK KATWARU, RAJENDRA KATWARU, JENNIFER PUJOLS, and RAFAEL PUJOLS.

28. Nevertheless, the officers charged plaintiffs ASHOOK KATWARU, RAFAEL PUJOLS, and JENNIFER PUJOLS with Resisting Arrest and Disorderly Conduct.

29. At no time on September 18, 2011, did plaintiffs ASHOOK KATWARU, RAFAEL PUJOLS, and JENNIFER PUJOLS resist arrest, behave disorderly, or act unlawfully in any way.

30. Further, defendant officers charged plaintiff RAJENDRA KATWARU with Menacing in the Second Degree, Criminal Possession of a Weapon in the Fourth Degree, Resisting Arrest, Menacing, and Disorderly Conduct.

31. At no time on September 18, 2011, did plaintiff RAJENDRA KATWARU place anyone in fear of physical injury, possess a weapon, resist arrest, behave disorderly, or act unlawfully in any way.

32. As a result of their unlawful arrest, plaintiffs ASHOOK KATWARU and JENNIFER PUJOLS spent approximately twenty-four (24) hours in police custody before the Bronx District Attorney's Office declined to prosecute charges against them.

33. As a result of his unlawful arrest plaintiff RAFAEL PUJOLS spent approximately thirty (30) hours in police custody and approximately four (4) months making numerous court appearances.

34. As a result of his unlawful arrest, plaintiff RAJENDRA KATWARU spent approximately forty (40) hours in police custody and approximately two (2) months making numerous court appearances.

35. Additionally, in connection with plaintiffs RAFAEL PUJOLS' and RAJENDRA KATWARU's arrests, defendants filled out false and/or misleading police reports and forwarded them, as well as other false information, to prosecutors at the Bronx County District Attorney's Office.

36. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiffs RAFAEL PUJOLS' and RAJENDRA KATWARU's arrests.

37. Specifically, defendants falsely alleged that when they attempted to arrest plaintiff RAFAEL PUJOLS, plaintiff flailed his arms and refused to be handcuffed and that RAJENDRA KATWARU threatened them with a "bat" and resisted arrest.

38. Despite defendants actions all charges against plaintiff RAFAEL PUJOLS were dismissed on January 12, 2012, and the charges against RAJENDRA KATWARU were adjourned in contemplation of dismissal on November 7, 2011.

39. As a result of his unlawful arrest, plaintiff RAFAEL PUJOLS sustained physical injuries to his body which required him to seek medical attention.

40. As a result of the foregoing, plaintiffs ASHOOK KATWARU, RAJENDRA KATWARU, JENNIFER PUJOLS sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, loss of liberty, and deprivation of their constitutional rights.

41. As a result of the foregoing, plaintiff RAFAEL PUJOLS sustained, *inter alia*, physical injury, mental anguish, shock, fright, apprehension, embarrassment, humiliation, loss of liberty, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

42. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered õ1ö through õ41ö with the same force and effect as if fully set forth herein.

43. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

44. All of the aforementioned acts deprived plaintiffs ASHOOK KATWARU, RAJENDRA KATWARU, JENNIFER PUJOLS, and RAFAEL PUJOLS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

46. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

47. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

48. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered õ1ö through õ47ö with the same force and effect as if fully set forth herein.

49. As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

50. As a result of the foregoing, plaintiffs' liberty were restricted for extended periods of time, they was put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

51. Plaintiff RAFAEL PUJOLS repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants misrepresented and falsified evidence before the Bronx County District Attorney.

53. Defendants did not make a complete and full statement of facts to the District Attorney.

54. Defendants withheld exculpatory evidence from the District Attorney.

55. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff RAFAEL PUJOLS.

56. Defendants lacked probable cause to initiate criminal proceedings against plaintiff RAFAEL PUJOLS.

57. Defendants acted with malice in initiating criminal proceedings against plaintiff RAFAEL PUJOLS.

58. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff RAFAEL PUJOLS.

59. Defendants lacked probable cause to continue criminal proceedings against plaintiff RAFAEL PUJOLS.

60. Defendants acted with malice in continuing criminal proceedings against plaintiff RAFAEL PUJOLS.

61. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

62. Specifically, defendants falsely alleged that when they attempted to arrest plaintiff RAFAEL PUJOLS, plaintiff flailed his arms and refused to be handcuffed.

63. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff RAFAEL PUJOLS' favor on or about January 12, 2012, when the charges against him were dismissed.

64. As a result of the foregoing, plaintiff RAFAEL PUJOLS' liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

**FOURTH CLAIM FOR RELIEF**
**DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL**
**UNDER 42 U.S.C. § 1983**

65. Plaintiffs RAJENDRA KATWARU and RAFAEL PUJOLS repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "64" as if the same were more fully set forth at length herein.

66. Defendants created false evidence against plaintiffs RAJENDRA KATWARU and RAFAEL PUJOLS.

67. Specifically, defendants falsely alleged that when they attempted to arrest plaintiff RAFAEL PUJOLS, plaintiff flailed his arms and refused to be handcuffed and that plaintiff RAJENDRA KATWARU threatened them with a "bat" and resisted arrest.

68. Defendants forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's Office.

69. Defendants misled the prosecutors by creating false evidence against plaintiffs RAJENDRA KATWARU and RAFAEL PUJOLS and thereafter providing false testimony throughout the criminal proceedings.

70. In creating false evidence against plaintiffs RAJENDRA KATWARU and RAFAEL PUJOLS, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiffs RAJENDRA KATWARU and RAFAEL PUJOLS' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

71. As a result of the foregoing, plaintiffs RAJENDRA KATWARU and RAFAEL PUJOLS' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints without probable cause.

**FIFTH CLAIM FOR RELIEF**
**EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**

72. Plaintiff RAFAEL PUJOLS repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of plaintiff RAFAEL PUJOLS.

74. As a result of the aforementioned conduct of defendants, plaintiff RAFAEL PUJOLS was subjected to excessive force and sustained physical and emotional injuries including no feeling in his wrists.

### SIXTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

75. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

77. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

> i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and
>
> ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

78. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

79. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

80. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

81. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

82. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs ASHOOK KATWARU's, RAJENDRA KATWARU's, JENNIFER PUJOLS' and RAFAEL PUJOLS' constitutional rights.

83. The acts complained of deprived plaintiffs of their rights:

   i. Not to be deprived of liberty without due process of law;

   ii. To be free from seizure and arrest not based upon probable cause;

   iii. Not to have summary punishment imposed upon them; and

   iv. To receive equal protection under the law.

## PENDANT STATE CLAIMS

84. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. On or about October 11, 2011, and within ninety (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

86. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

87. Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and ASHOOK KATWARU's hearing took place on November 30, 2011, JENNIFER PUJOLS' hearing took place on January 25, 2012, and RAJENDRA KATWARU and RAFAEL PUJOLS' hearing have not been scheduled.

88. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

89. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

90. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

91. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. Defendants' aforementioned actions placed plaintiffs in apprehension of imminent harmful and offensive bodily contact.

93. As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
**BATTERY**

94. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. Defendant police officers touched plaintiffs ASHOOK KATWARU, RAJENDRA KATWARU, JENNIFER PUJOLS, and RAFAEL PUJOLS in a harmful and offensive manner.

96. Defendant police officers did so without privilege or consent from plaintiffs.

97. As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
**FALSE ARREST**

98. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99. Defendant police officers arrested plaintiffs ASHOOK KATWARU, RAJENDRA KATWARU, JENNIFER PUJOLS, and RAFAEL PUJOLS in the absence of probable cause and without a warrant.

100. As a result of the aforesaid conduct by defendants, plaintiffs ASHOOK KATWARU, RAJENDRA KATWARU, JENNIFER PUJOLS, and RAFAEL PUJOLS were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings. The aforesaid actions by the defendants constituted a deprivation of plaintiffs' rights.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### <u>FALSE IMPRISONMENT</u>

101. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered õ1ö through õ100ö with the same force and effect as if fully set forth herein.

102. As a result of the foregoing, plaintiffs ASHOOK KATWARU, RAJENDRA KATWARU, JENNIFER PUJOLS, and RAFAEL PUJOLS were falsely imprisoned, their liberty was restricted for an extended period of time, they were put in fear for their safety, they were humiliated and subjected to handcuffing, and other physical restraints.

103. Plaintiffs were conscious of said confinement and did not consent to same.

104. The confinement of plaintiffs was without probable cause and was not otherwise privileged.

105. As a result of the aforementioned conduct, plaintiffs have suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

106. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered õ1ö through õ105ö with the same force and effect as if fully set forth herein.

107. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

108. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

109. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

110. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiffs.

111. As a result of the aforementioned conduct, plaintiffs suffered severe emotional distress, mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## MALICIOUS PROSECUTION

112. Plaintiff RAFAEL PUJOLS repeats, reiterates and realleges each and every allegation contained in paragraphs numbered õ1ö through õ111ö with the same force and effect as if fully set forth herein.

113. On September 18, 2011, defendants commenced a criminal proceeding against plaintiff RAFAEL PUJOLS.

114. Defendants lacked probable cause to commence said criminal proceeding against plaintiff RAFAEL PUJOLS.

115. Defendants were motivated by actual malice in commencing said criminal proceeding against plaintiff RAFAEL PUJOLS.

116. From September 18, 2011, through January 12, 2012, plaintiff RAFAEL PUJOLS was forced to repeatedly make appearances in Criminal Court to defend himself against the unlawful prosecution initiated by defendants.

117. As a result of the malicious prosecution against him, plaintiff RAFAEL PUJOLS spent approximately thirty (30) hours in police custody.

118.	On January 12, 2012, the criminal prosecution against plaintiff RAFAEL PUJOLS was terminated in his favor when the charges against him were dismissed.

119.	As a result of the aforementioned conduct, plaintiff suffered mental and physical injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

120.	Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered õ1ö through õ119ö with the same force and effect as if fully set forth herein.

121.	Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

122.	Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

123.	Due to the negligence of the defendants as set forth above, plaintiffs suffered mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

124.	As a result of the foregoing, plaintiffs are entitled to compensatory damages and are further entitled to punitive damages against the individual defendants.

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

    i.	an order awarding compensatory damages in an amount to be determined at trial;

  ii. an order awarding punitive damages in an amount to be determined at trial;

  iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

  iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
   March 29, 2012

                BY:_____/S_____
                GERALD COHEN
                JOSHUA FITCH
                COHEN & FITCH LLP
                Attorneys for Plaintiff
                233 Broadway, Suite 1800
                New York, N.Y. 10279
                (212) 374-9115
                gcohen@cohenfitch.com
                jfitch@cohenfitch.com